**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA ST. GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00895-MTS |
| | ) | |
| GARED HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, Doc. [14], and on review of Defendant's Notice of Removal, Doc. [1].  Each has problems.  The Notice of Removal asserts that the Court has subject matter jurisdiction over this action through diversity jurisdiction under 28 U.S.C. § 1332(a).  But the Notice fails to address all the necessary requirements to establish jurisdiction under § 1332(a).  Rather than raising these facial shortcomings, Plaintiff's Motion to Remand seems to make a factual attack on the Court's subject matter jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (discussing facial versus factual challenges to jurisdiction).  But Plaintiff's Motion labors under the mistaken notion that remand is required simply because she states that the citizenship of Defendant is in dispute in this action.  Doc. [14] ¶ 7 (asserting that "[w]hether Ms. St. George's membership interest [in Defendant] has been fully transferred away is in dispute" and therefore remand is necessary since "all doubts about federal jurisdiction must be resolved in favor of remand").  In this way, Plaintiff has failed to provide "a reasoned argument" as to why any assumptions on

which Defendant's jurisdictional allegations are based are not supported by evidence. *See Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020); *see also* Doc. [6] ¶ 16 (Plaintiff alleging that Plaintiff *held* an equity interest in Defendant).

For these reasons, the Court will deny the Motion to Remand without prejudice and require that Defendant file an Amended Notice of Removal addressing the shortcomings of its original Notice. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (noting facial issues regarding jurisdictional allegations are "easily remedied by leave to amend" (citing 28 U.S.C. § 1653)). The Amended Notice of Removal also must address Plaintiff's apparent concerns over the factual issues pertaining to Defendant's citizenship. *Cf. Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969–70 (8th Cir. 1990) (allowing for amendment where documents submitted to the court created a factual issue as to the citizenship of the parties).

\*

*First*, Defendant's Notice fails to establish that the parties here were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant[s] file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). This requirement is not new. *See, e.g., Stevens v. Nichols*, 130 U.S. 230, 231–32 (1889).

- 2 -

*Second*, in seeking to establish its own citizenship, Defendant correctly notes that, as a limited liability company, its citizenship is that of its members for diversity jurisdiction purposes. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *accord Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023). Defendant, however, does not identify its members. It must do so.[1] *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) (noting the court could "be assured of its own jurisdiction" only when the party with the burden to establish subject matter jurisdiction "identif[ied] each of the individual members of the defendant LLC and specifically plead[ed] the state of their citizenship"); *see also, e.g.*, *Smith v. Wesley*, 4:23-cv-01282-MTS, 2023 WL 6639490, at *1 (E.D. Mo. Oct. 12, 2023) (finding removing defendant failed to establish jurisdiction when he failed to identify LLC's members); *Scottsdale Ins. Co. v. Consumer L. Prot., LLC*, 1:23-cv-00101-MTS, 2023 WL 5672175, at *1 (E.D. Mo. Sept. 1, 2023) (finding allegation that LLC's unidentified members were "citizens of Missouri" and "not citizens of Ohio or Arizona" did not suffice where plaintiff failed to identify them).[2]

---

[1] In its opposition briefing, Defendant argues that it "makes diversity of the parties abundantly clear in its Disclosure Statement." That does not suffice. *Cf.* Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction."). "[I]t is well established throughout the federal judicial system that the burden of *pleading* the citizenship of each and every party to the action is on the party seeking to invoke the federal forum on the basis of diversity jurisdiction." 13E Wright & Miller, *Federal Practice and Procedure* § 3611 (3d ed.) (emphasis added); *accord Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (explaining citizenship must be "*distinctly* and *affirmatively* alleged" in order to establish the existence of complete diversity).

[2] Defendant's conclusory statement that all its "members are residents of Indiana and Tennessee" does not suffice. Even if simply stating the unidentified and unquantified members' citizenship

- 3 -

*Third*, Defendant did not at all explain how the amount in controversy exceeds $75,000. Rather, it simply stated the conclusion that it does exceed the amount. There is no indication in the Notice of Removal as to how or why. True, in removal, a "defendant's amount-in-controversy allegation should be accepted" but only when it is "not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). Plaintiff does not contest the amount in controversy. But the Notice of Removal does not even say what this case is about. Indeed, a reader could scour the entire Notice but still would not know what even is at issue in this case. Plaintiff simply drops a footnote to Exhibit One of the Notice of Removal, which is the entire file of the records and proceedings in the state court.

\* \* \*

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Defendant has not met its burden. That said, nothing in the record suggests that it cannot meet its burden (*i.e.*, that the Court, in fact, lacks subject

---

sufficed, which it does not, Defendant fails even to do that. Rather, Defendant notes only that they are "residents" of Indiana and Tennessee, not citizens. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("A complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction. This rule is not new." (internal citation omitted)); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state.").

- 4 -

matter jurisdiction).  If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal doing so.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend a notice of removal).  Failure to establish the Court's subject matter jurisdiction in an Amended Notice of Removal will result in remand.  *See* 28 U.S.C. § 1447(c).[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [14], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than <u>**Wednesday**</u>, <u>**August 14, 2024**</u>, Defendant must file an Amended Notice of Removal addressing the issues raised herein. Failure to do so will result in remand.

Dated this 8th day of August 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] Provided any challenge meets the strictures of Federal Rule of Civil Procedure 11(b), Plaintiff is free to seek remand again.  Any challenge, however, should be properly made.  *See* 13 Wright & Miller, *Federal Practice and Procedure* § 3522 (3d ed.) ("[W]hen the party opposing jurisdiction challenges the accuracy of the factual allegations *and demonstrates facts showing a lack of jurisdiction*—that is, when there is a 'factual challenge'—the court may go beyond the allegations of the complaint and look to relevant evidence, including affidavits and, when appropriate, testimony." (emphasis added)).