# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAURA ST. GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-00895-MTS |
| ) | |
| GARED HOLDINGS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion to Remand, or in the Alternative, Motion for Jurisdictional Discovery. Doc. [22]. The issues are fully briefed. For the reasons that follow, the Court will deny Plaintiff's Renewed Motion to Remand and alternative request for jurisdictional discovery.

**I.   Background**

Plaintiff brought suit in the Circuit Court of St. Louis County, Missouri against her former employer, Defendant Gared Holdings, LLC. Doc. [1-1] at 2–19. Plaintiff brought claims of age discrimination, sex-based discrimination, and hostile work environment under the Missouri Human Rights Act. *Id.* at 12–19.

Defendant removed the case to federal court under 28 U.S.C. §§ 1332(a), 1441(a). Doc. [1]. Plaintiff moved to remand the action to state court, arguing that Defendant had not met its burden of establishing that the parties are completely diverse because she alleged in the petition that "she held a 2% interest in the Defendant which would qualify her as a member," and "[w]hether Ms. St. George's membership interest has been fully transferred away is in dispute." Doc. [14] ¶¶ 6–8. Defendant opposed the motion to remand, arguing that Plaintiff

has not been a member of Defendant since September 1, 2023 when Defendant bought back Plaintiff's ownership interest after she was terminated.  Doc. [18] at 4.  In support, Defendant submitted the declaration of its CEO, Marcus Johnson, who confirmed that Plaintiff has not had an ownership interest in Defendant since September 1, 2023.  Doc. [18-1].

The Court denied the motion to remand, explaining that by mistakenly arguing that remand was required simply because Plaintiff asserted that Defendant's citizenship is in dispute, Plaintiff had failed to provide a reasoned argument as to why any assumptions on which Defendant's jurisdictional allegations were based were not supported by the evidence. Doc. [20] at 1–2 (citing *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020); Doc. [6] ¶ 16 (alleging that Plaintiff *held* an equity interest in Defendant)).  The Court also ordered Defendant to file an Amended Notice of Removal addressing three facial shortcomings identified by the Court, as well as Plaintiff's apparent concerns about Defendant's citizenship. *Id.*  The Court noted that Plaintiff was free to seek remand again but cautioned that any factual challenge should be properly made. *Id.* at 5 n.3 (citing 13 Wright & Miller, *Federal Practice and Procedure* § 3522 (3d ed.)) ("[W]hen the party opposing jurisdiction challenges the accuracy of the factual allegations *and demonstrates facts showing a lack of jurisdiction*—that is, when there is a 'factual challenge'—the court may go beyond the allegations of the complaint and look to relevant evidence, including affidavits and, when appropriate, testimony." (emphasis added))).

Defendant has filed an Amended Notice of Removal, which addresses the facial shortcomings identified by the Court and Plaintiff's factual attack against Defendant's citizenship.  Doc. [21] ¶¶ 1, 5, 7, 8, 10–15.  Plaintiff has filed a Renewed Motion for Remand, or in the Alternative, Motion for Jurisdictional Discovery.  Doc. [22].  In support of her

renewed motion for remand, Plaintiff largely reiterates her misplaced argument that remand is required simply because she disputes Defendant's citizenship.  Doc. [23] at 3–6.  Plaintiff contends that her "verified petition clearly puts . . . completeness of the diversity of the citizenship at issue," as she alleged in the petition that "she held a 2% ownership interest in the Defendant."  *Id.* at 1, 4, 6.  Plaintiff states that she never deposited the check given to her by Defendant in exchange for her ownership interest because she did not know whether doing so would reduce her rights to pursue her discrimination claim or how the valuation of her interest was determined.  *Id.* at 2.  Based on her assertion that she is entitled to information about the valuation of her ownership interest and to additional funds for the buy-out, Plaintiff argues that the buy-out transaction is not yet complete.  *Id.* at 4.  As a result, Plaintiff contends that the Court lacks certainty that complete diversity exists and should remand the case to state court.  *Id.* at 4–5.  Plaintiff asserts that the buy-out agreement would be the best evidence of her potential ownership interest in Defendant and requests the opportunity to conduct jurisdictional discovery before the Court denies her request for remand.  *Id.* at 5–6.

      Defendant argues that it has satisfied its burden to show the parties are diverse in the Amended Notice of Removal and that Plaintiff's Renewed Motion should be denied because she has not provided any evidence contradicting the allegations in the Amended Notice of Removal.  Doc. [24] at 1–2.  Pointing to Johnson's declaration, Defendant notes that it is the only party that has produced evidence supporting its position that Plaintiff is not a member.  *Id.* at 3.  Defendant contends that Plaintiff's allegation that she disputes the valuation of her ownership interest is insufficient to show she still retains an ownership interest.  *Id.* at 4.  Defendant argues that Plaintiff's conclusory allegation that she still has an ownership interest does not entitle her to jurisdictional discovery.  *Id.* at 4–5.

3

**II.     Legal Standard**

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

"The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

**III.    Discussion**

Courts must distinguish between facial and factual attacks on jurisdiction. *Davis v. Anthony*, 886 F.3d 674, 679 (8th Cir. 2018). In a facial attack, the moving party challenges the sufficiency of the allegations, and the court restricts itself to examining the face of the pleadings. *Id.* "A factual attack occurs 'when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction,'" and "the court considers matters outside the pleadings." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). In a factual attack, the moving party submits competent evidence such as affidavits, deposition testimony, and the like to attack the jurisdictional allegations of the pleading, and the Court may consider that evidence when

4

determining whether it has subject matter jurisdiction. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

Here, Defendant already has submitted Johnson's declaration showing that Plaintiff is not a member of Defendant, and the Court finds that the Amended Notice of Removal adequately addresses the original Notice's facial shortcomings. *See* Doc. [18-1]; Doc. [21] ¶¶ 1, 5, 7, 8, 10–15. Plaintiff's Renewed Motion to Remand, however, falls short. Despite the Court's previous warning that any additional factual challenge should be properly made, Plaintiff's Renewed Motion merely reiterates her unsupported claim that she still retains an ownership interest in Defendant. *See* Doc. [23] at 3–5. Notably, Plaintiff has not submitted any competent evidence that contradicts the statements in Johnson's declaration or otherwise raises doubts about the Court's jurisdiction. *See Exeter Bancorporation, Inc. v. Kemper Sec. Grp., Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) ("'[S]tatements of counsel are not evidence' and do not create issues of fact.") (alteration in original) (quoting *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994)). Contrary to Plaintiff's assertions, the petition is not verified, and it does not put the citizenship of the parties at issue. Indeed, the petition attempts to allege that Defendant is a citizen of Delaware and Indiana, and it does not allege that Plaintiff still has an ownership interest in Defendant. *See* Doc. [6] ¶¶ 5, 16. Because Defendant has shown by a preponderance of the evidence that the parties are completely diverse and the Amended Notice satisfies all § 1332(a)'s requirements, this Court has diversity jurisdiction. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620; *OnePoint Sols., LLC*, 486 F.3d at 346; *Faltermeier v. FCA US LLC*, 4:15-cv-00491-DGK, 2016 WL 10879705, at *2 (W.D. Mo. May 26, 2016) (explaining that defendant may use "affidavits, declarations, or other documentation

5

to satisfy the preponderance of the evidence standard"). Thus, the Court will deny Plaintiff's Renewed Motion to Remand.

Plaintiff has offered nothing other than speculation and conclusory assertions about her ownership interest in Defendant. Thus, the Court will deny her alternative request for jurisdictional discovery. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.").

### IV.  Conclusion

After considering Plaintiff's Renewed Motion to Remand, or in the Alternative, Motion for Jurisdictional Discovery, the Court finds that neither is appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion to Remand and alternative request for jurisdictional discovery, Doc. [22], is **DENIED**.

Dated this 8th day of November 2024.

    *[signature]*
    MATTHEW T. SCHELP
    UNITED STATES DISTRICT JUDGE